JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST NATIONS FUNDING, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br><br>Defendants. | CASE NO. CV 06-257 DSF (CTx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER COURT TRIAL ON ADMINISTRATIVE RECORD |

## INTRODUCTION

This is a declaratory judgment action challenging the decision of the United States Citizenship and Immigration Services ("CIS") to deny Plaintiff Ezelyn Gomez a change of status from admission under a B-2 tourist visa to admission under an H-1B nonimmigrant specialty occupation worker visa, as well as to deny her family H-4 dependent visa status. On March 31, 2008, the parties agreed to a bench trial on stipulated facts and to submit on the papers. Having considered the arguments and evidence presented, the Court finds for Defendants. This constitutes the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

On or about June 16, 2004, Ezelyn[1] Gomez ("Gomez") and her family (her husband and son) entered the United States, from the Phillippines, as B-2 tourists authorized to remain in the United States for six months until December 15, 2004. (Stipulation of Facts and Law ("Stipulation") ¶ 1.) On January 13, 2005, CIS approved an application to extend immigration status which authorized the Gomez family to stay in the United States as tourists until April 16, 2005. (Id. ¶ 2.)

On April 15, 2005, Plaintiff First Nations Funding, Inc. ("First Nations") filed a petition for H-1B nonimmigrant specialty occupation worker seeking to employ Gomez on a temporary basis as a part-time accountant for three years from October 1, 2005 until October 1, 2008. (Id. ¶ 3.) Included in the application were materials regarding Gomez's son's autism. (See CR 00114-32.) Gomez's tourist visa, and those of her family members, expired on April 16, 2005. (Stipulation ¶ 4.)

On or about July 5, 2005, CIS issued a Request for Evidence seeking clarification as to whether the proffered position qualified as a "specialty occupation." (Id. ¶ 5.) Petitioner responded with additional documents on or about September 26, 2005. (Id. ¶ 6.) On October 28, 2005, CIS approved the classification of H-1B specialty occupation worker, but denied the requested change of status because the Gomez family's tourist status would expire prior to the starting date of the approved validity period for the H-1B visa, October 1, 2005. (Id. ¶ 7.)

Plaintiffs filed the present action on January 17, 2006, seeking review of CIS's decision.

---

[1] The Stipulation refers to Plaintiff as "Evelyn," though her name appears to be "Ezelyn."

## CONCLUSIONS OF LAW

**A. Jurisdiction**

Plaintiffs assert that the Court has jurisdiction notwithstanding the jurisdiction stripping provision of 8 U.S.C. § 1252(a)(2)(B), which provides: "Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section . . . 1255 of this title [relating to adjustment of status], or (ii) any other decision or action of [CIS] the authority for which is specified under [8 U.S.C. §§ 1151-1378] to be in the discretion of [CIS]." Although Defendants do not contend that the Court lacks jurisdiction, the Court has an independent obligation to consider its own jurisdiction. See Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003).

The Ninth Circuit has narrowly construed Section 1252(a)(2)(B)(ii), holding that it only deprives courts of jurisdiction over "matters of pure discretion, rather than discretion guided by legal standards." Id. at 690. Thus, "[u]nless the disputed determination is purely discretionary – unless there are no questions of fact or law at issue – judicial review is not precluded." Oropeza-Wong v. Gonzalez, 406 F.3d 1135, 1142 (9th Cir. 2005).

The statute governing the admission of nonimmigrant aliens provides: "The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . ." 8 U.S.C. § 1184. This provision does not provide for a purely discretionary determination of admission, but for the promulgation of regulations that serve as a standard for evaluation of admission decisions. Where a statute clearly "specifies that [a] decision is wholly discretionary, regulations or agency practice will not make the decision reviewable." Spencer, 345 F.3d at 691. However, where, as here, the statute does not vest complete, unguided discretion with the Attorney General, but explicitly provides for the decision to be guided by

regulation, Ninth Circuit precedent suggests that Section 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction.

Moreover, the admission of nonimmigrant aliens under an H-1B visa is governed by 8 U.S.C. § 1184(c)(1), which provides: "The question of importing any alien as a nonimmigrant under [8 U.S.C. § 1101(a)(15)(H)] in any specific case or specific cases shall be determined by the Attorney General, after consultation with appropriate agencies of the Government, upon petition of the importing employer." 8 U.S.C. § 1101(a)(15)(H) provides specific criteria for qualifying as an H-1B nonimmigrant alien. Moreover, 8 U.S.C. § 1184(c)(1) requires consultation with other agencies before taking action. This is sufficient to avoid application of 1252(a)(2)(B)(ii). See ANA Int'l Inc. v. Way, 393 F.3d 886, 894 (9th Cir. 2004) (holding that provision stating that the Attorney General "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition" did not vest Attorney General with unguided discretion, as "good and sufficient cause" was required).

The Court concludes that it has jurisdiction over this action.[2]

## B. The Merits

Plaintiffs seek review of CIS's decision under the Administrative Procedures Act, 5 U.S.C. § 702, contending that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." See 5 U.S.C. § 706(2)(A).

> Under the 'arbitrary and capricious' standard the scope of review is a narrow one. A reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although

---

[2] The Court is bolstered in this conclusion by the Ninth Circuit's having recently addressed the precise issue raised in this case, thereby implicitly finding it had jurisdiction to do so. See L.A. Closeout, Inc. v. Dept. of Homeland Sec., 513 F.3d 940, 942-43 (9th Cir. 2008).

4

this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.'" Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285 (1974) (citations omitted).

"The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . ." 8 U.S.C. § 1184. 8 C.F.R. § 248.1(b) provides that "a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed . . . ."

The Ninth Circuit recently upheld CIS's interpretation of the phrase "maintain the previously accorded status" as requiring that an applicant still be "in status" at the time an H-1B visa becomes operative. See L.A. Closeout, Inc. v. Dept. of Homeland Sec., 513 F.3d 940, 942-43 (9th Cir. 2008). Because the Gomez family was no longer "in status" – *i.e.*, their tourist visas had expired – at the time the H-1B visa was to take effect, CIS's decision to deny their applications for change of status was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

This conclusion is not altered by Plaintiffs' claim that CIS should have considered the difficulty the Gomez family would face in transporting an autistic child out of the country and processing their visas through the consular process. 8 C.F.R. § 248.1(b), as interpreted by CIS, is clear and contains no exception for applicants who will face difficulty as a result of their applications being denied.

As Plaintiffs point out, 8 C.F.R. § 248.1(b) provides for an exception to the requirement that an applicant be "in status" at the date a new visa becomes operative "where it is demonstrated at the time of filing that: (1) The failure to file a timely application was due to extraordinary circumstances beyond the control of

5

1  the applicant or petitioner, and the Service finds the delay commensurate with the
2  circumstances; (2) The alien has not otherwise violated his or her nonimmigrant
3  status; (3) The alien remains a bona fide nonimmigrant; and (4) The alien is not
4  the subject of removal proceedings under 8 CFR part 240." This provision does
5  not apply to Gomez, as Plaintiffs do not contend that she failed to file a timely
6  application due to extraordinary circumstances. Rather, they contend that denial
7  of her application imposes extraordinary difficulty on the Gomez family, as travel
8  with an autistic child is burdensome.

9  Plaintiffs contend that it is fundamentally unreasonable to allow for an
10 excuse where extraordinary circumstances cause an application to be filed late, but
11 not where denial of change of status will result in extraordinary difficulty for an
12 applicant. Here, Plaintiffs appear to challenge 8 C.F.R. § 248.1 itself.

> The power of an administrative agency to administer a
> congressionally created . . . program necessarily requires the
> formulation of policy and the making of rules to fill any gap left,
> implicitly or explicitly, by Congress. If Congress has explicitly left
> a gap for the agency to fill, there is an express delegation of authority
> to the agency to elucidate a specific provision of the statute by
> regulation. Such legislative regulations are given controlling weight
> unless they are arbitrary, capricious, or manifestly contrary to the
> statute. Sometimes the legislative delegation to an agency on a
> particular question is implicit rather than explicit. In such a case, a
> court may not substitute its own construction of a statutory provision
> for a reasonable interpretation made by the administrator of an
> agency.

Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837,
843-44 (1984) (quotations, citations, and footnotes omitted). The statute
governing the admission of nonimmigrant aliens explicitly grants the Attorney

General the authority to create regulations. See 8 U.S.C. § 1184 ("The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . . .") Plaintiffs have not demonstrated that 8 C.F.R. § 248.1 is arbitrary, capricious, or manifestly contrary to the statute.

At best, Plaintiffs suggest – without any supporting argument – that it is obviously arbitrary and capricious to include an excuse for tardy filing but not the excuse they seek.[3] The Court is not persuaded that there cannot be any rational basis for including one excuse but not the other.

Plaintiffs have failed to demonstrate that the regulation that required denial of their application for change of status or CIS's action based on that regulation was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Judgment is for Defendants.

IT IS SO ORDERED.

Dated: August 15, 2008

                                                  Dale S. Fischer
                                      United States District Judge

---

[3] In support of their claim that 8 C.F.R. § 248.1 is irrational on its face, Plaintiffs rely on cases holding that, where a regulation required consideration of "extraordinary circumstances" justifying a late filing, those circumstances had to be considered. See Socop-Gonzalez v. I.N.S., 208 F.3d 838, 846-47 (9th Cir. 2000); Evangelical Lutheran Church in Am. v. I.N.S., 288 F. Supp. 2d 32, 47-48 (D.D.C. 2003). No regulation requires consideration of the circumstances Plaintiffs rely on. Plaintiffs' other authorities are also inapposite. See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1278 (9th Cir. 1993) (reversing summary judgment for defendants where they produced no evidence of reasonableness of regulation); Immigrant Assistance Project of L.A. County Fed'n of Labor v. I.N.S., 306 F.3d 842, 870-73 (9th Cir. 2002) (holding that Board of Immigration Appeals' holding was unreasonable where inconsistent with I.N.S.'s own practices); Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1026-27 (9th Cir. 2005) (holding that Board of Immigration Appeals' finding of removability contravened statute and agency policy).